# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

| | | |
|---|---|---|
| STATE OF TENNESSEE, ex rel., | ) | |
| CAROLYN COLLIER, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | Haywood Juvenile No. 6320 |
| | ) | |
| EPHRAM COLLIER, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | Consolidated Appeal No. 02A01-9901-JV-00027 |
| STATE OF TENNESSEE, ex rel., | ) | |
| NANCY PENDER, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | Haywood Juvenile No. 6322 |
| | ) | |
| ANTHONY PENDER, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

**FILED**

**July 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE JUVENILE COURT OF HAYWOOD COUNTY
AT BROWNSVILLE, TENNESSEE

THE HONORABLE J. ROLAND REID, JUDGE

For the Plaintiff/Appellant:

Paul G. Summers
Tammy L. Kennedy
Nashville, Tennessee

For the Defendant/Appellee:

Ephram Collier, Pro Se
Stanton, Tennessee

For the Plaintiff/Appellant:

Paul G. Summers
Tammy L. Kennedy
Nashville, Tennessee

For the Defendant/Appellee:

Anthony Pender, Pro Se
Bells, Tennessee

**REVERSED AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This cause involves the jurisdiction of the juvenile courts. Two cases are consolidated on appeal. In both cases, the parents of minor children are married but separated. In both, the State of Tennessee filed a petition in juvenile court on behalf of the mother to obtain child support from the father. In both cases, the juvenile court found that it lacked jurisdiction to hear the petition. The State appeals. We reverse and remand.

Carolyn Collier and Charles Ephram Collier are married with two minor children. Likewise, Nancy Pender and Charles Anthony Pender are married, and the parents of one minor child. In both cases, the parents are separated. No proceedings for divorce or legal separation have been initiated. In both cases, the mother is the legal custodian and seeks child support from the father. There is no allegation that the children are delinquent, unruly, dependent and neglected, abandoned, or born out of wedlock.

In separate proceedings, the State of Tennessee filed petitions on behalf of the mothers to obtain child support from the fathers.[1] The petitions were filed in juvenile court. Both petitions were heard on the same date before the same judge. In both cases, the petitions were dismissed for lack of jurisdiction. In virtually identical orders, the juvenile court held:

> Petitioner asserts the Juvenile Court has concurrent jurisdiction with chancery to order support pursuant to T.C.A. § 37-1-104(d)(1)(a). However, T.C.A. § 37-1-104(d)(1)(c) provides that where . . . . "a court by contract is the agency designated to provide child support enforcement pursuant to Title IV-D of the Social Security Act, and if a judge with child support jurisdiction in that political subdivision or judicial district agrees, the contracting court shall have jurisdiction . . ."

> T.C.A. §37-1-104(d)(2) states: "In any case in which the court has exclusive or concurrent jurisdiction to order the payment of child support, the court may (emphasis added) issue a child support order when requested by a party. All provisions of Title 36, Chapter 5 that relate to child support or child support orders that include an order of spousal support and T.C.A. § 50-2-105 apply to support orders issued in these proceedings."

> Read literally juvenile courts would now have statewide jurisdiction to set child and spousal support and to enforce the orders of all courts statewide involving child and spousal support whether divorced or not.

> This Court notes from the onset that it has not contracted pursuant to T.C.A. §37-1-104-(d)(1)(c) to provide enforcement in these circumstances, nor has this or any other judge in this judicial district or political subdivision agreed.

> The Court, like most in this jurisdiction, is a small part-time rural county court which is now asked to assume statewide jurisdiction to set and enforce orders for child and spousal support for married persons even though they have not availed

---

[1]The fathers, Charles Ephram and Charles Anthony Pender, apparently were not represented in the trial court and did not appear. Neither filed a brief on appeal.

themselves of chancery court. It is also asked to enforce all court orders of any other court statewide which has entered an order of child or spousal support. This Court is now entering and enforcing all Orders of Protection in this county as Chancery has declined. Counsel for petitioner suggest that our Chancery may decline to entertain a request for child support in these cases where a divorce is not prayed for, so they therefore are filing them with this Court.

If this Court has jurisdiction and is required to assume jurisdiction it most certainly will comply. For the following reasons the Court believes it is improper:

1. The Court has not contracted to provide support enforcement in this type case pursuant to T.C.A. § 37-1-104(d)(1)(c).

2. The Judge has not agreed to assume jurisdiction pursuant to T.C.A. 37-1-104(d)(1)(c).

3. T.C.A. §37-1-104(d)(2) provides the Court may issue a child support order when requested. This discretionary language assumes the court has assumed jurisdiction.

Assuming arguendo that the court has jurisdiction, it declines to accept jurisdiction in cases where parties are married with legitimate children and who have not availed themselves of chancery court for the following reasons:

1. T.C.A. §36-2-312 does not allow for the state to represent their child support clients concerning issues of child custody which invariably is an issue; requiring their clients to retain separate counsel or represent themselves.

2. If the court orders child support and / or spousal support and / or child custody and the parties subsequently file for divorce, we now have two separate courts with jurisdiction over child support, child custody, spousal support, property discussion etc., often with no clear division of authority, compounding litigation.

3. The addition of statewide jurisdiction over married persons with legitimate children in small part-time rural county courts will tax the already limited resources available for the effective and timely administration of justice.

Further, T.C.A. § 36-5-402 provides for an expedited method to enforce child support by the state. The presiding Judge in each judicial district has the authority to set up such a procedure. Recognizing the limited resources of some juvenile courts § (b)(2) of this statute allows, but does not mandate, that with the agreement of all judges having child support jurisdiction in a particular county, juvenile courts may enter into agreements to set, enforce, and modify support orders. This court declines to do so.

From this Order, the State now appeals. Both cases have been consolidated on appeal.

On appeal, the State argues that the juvenile court had jurisdiction to hear the petitions. The State contends that, under Tennessee Code Annotated §37-1-104, the juvenile court did not have discretion to decline to hear the petitions, and thus erred in dismissing them.

There are no factual disputes in this case. Our review of issues of law is *de novo*. ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995).

2

The statute at issue is Tennessee Code Annotated § 37-1-104.  It provides:

(d)(1)(A) The juvenile court has concurrent jurisdiction and statewide jurisdiction with other courts having the jurisdiction to order support for minor children and shall have statewide jurisdiction over the parties involved in the case.

* * *

(d)(1)(C) In any political subdivision or judicial district of the state in which a court by contract is the agency designated to provide child support enforcement pursuant to Title IV-D of the Social Security Act, and if a judge with child support jurisdiction in that political subdivision or judicial district agrees, the contracting court shall have jurisdiction in any case in such judge's court in which an application is made for assistance in obtaining support under provisions of this part. Upon application being made for child support enforcement assistance as provided by law, the contracting court shall assume jurisdiction and it is the duty of the court clerk to so notify the clerk on any court having prior jurisdiction. The contracting court shall then proceed to make and enforce such orders of support as it deems proper within its jurisdiction. . . .

(2) In any case in which the court has exclusive or concurrent jurisdiction to order the payment of child support, the court may issue a child support order when requested by a party.  All provisions of title 36, chapter 5 that relate to child support or child support orders that include an order of spousal support and § 50-2-105 apply to support orders issued in these proceedings.

Tenn. Code Ann. §§ 37-1-104(d)(1)(A), (c), (d)(2) (Supp. 1998).

The stated purpose of the statute is to provide for the care and protection of children within its provisions and to set forth a simple judicial procedure through which to execute the statute's provisions. Tenn. Code Ann. § 37-1-101(a)(1) and (4) (1996). The Tennessee Legislature "intended that juvenile courts would have jurisdiction over virtually every proceeding that could possibly affect a child." *In the Matter of Debra J. McCloud*, No. 01A01-9212-CV-0054, 1993 WL 194041, at *6 (Tenn. App. June 9, 1993).  The statutes describing the juvenile court's jurisdiction provide for exclusive, original jurisdiction in some instances and concurrent jurisdiction with other courts in other instances. *Id.* (citing Tenn. Code Ann. §§ 37-1-103(a)(1), 37-1-104(a), (b), (c), 36-1-102(4) (1991).  This statutory scheme makes it clear that we are to take a broad view of the jurisdiction of the juvenile court, lest children in a situation not specifically described in the statute be left unprotected.

The juvenile court in this case first discusses the statutory provision describing the procedures for juvenile courts which have contracted to provide child support enforcement under the Social Security Act, observing that it had not contracted to provide such enforcement, and stating that it had not "agreed" to assume such jurisdiction.  This is cited in the juvenile court's order as a reason the juvenile court believed it "improper" to assume jurisdiction in this case.  However, this

3

provision is simply not applicable under the facts of this case, and has no bearing on whether the juvenile court has jurisdiction under other provisions.

The juvenile court notes the language in Section 37-1-104(d)(2) setting forth that the juvenile court may order the payment of child support. The juvenile court stated:

> T.C.A. §37-1-104(d)(2) states[:] "In any case in which the court has exclusive or concurrent jurisdiction to order the payment of child support the court _may_ (emphasis added) issue a child support order when requested by a party . . . ."
>
> * * *
>
> This discretionary language assumes the court has assumed jurisdiction.
>
> Assuming arguendo that the court has jurisdiction, it declines to accept jurisdiction in cases where parties are married with legitimate children and who have not availed themselves of chancery court . . . .

Thus, the juvenile court interpreted the statutory language providing that it "may" issue a child support order as empowering the juvenile court to simply decline jurisdiction if it so chose. This is clearly incorrect. The juvenile court is not required to _grant_ every request by a party for an order of child support; hence, the permissive language. The use of "may" in this sentence does not, however, give the juvenile court authority to simply decline to accept the jurisdiction it has been granted. The statute's grant of jurisdiction is both clear and broad:

> The juvenile court has concurrent jurisdiction and statewide jurisdiction with other courts having the jurisdiction to order support for minor children and shall have statewide jurisdiction over the parties involved in the case.

Tenn. Code Ann. §37-1-104(d)(1)(A) (Supp. 1998). The juvenile court in this case protests that this language, "[r]ead literally" would give juvenile courts jurisdiction to set and enforce child support orders "whether divorced or not." Yet this is exactly what the provision states. While the overall statutory scheme sets forth limits on the jurisdiction of the juvenile courts, the use of the word "may" in Tennessee Code Annotated § 37-1-104(d)(2) is not such a limitation.

The order of the juvenile court in this case points repeatedly to the chancery court, observing that the chancery court has "declined" to enforce orders of protection, noting that the parties had "not availed themselves of chancery court" and arguing that, if the parties later file for divorce, there would be "two separate courts with jurisdiction over child support . . . ." The record in this case does not include any proceedings in chancery court. We are not presented with the issue of the jurisdiction of the chancery court and what might happen in the future if the parties file for divorce, and we expressly do not address these issues.

4

In its order, the juvenile court protests that requiring the exercise of jurisdiction in cases such as this "in small part-time rural county courts will tax the already limited resources available . . . ." It is understandable that the juvenile court would be frustrated with attempting to administer justice amidst an onslaught of cases within the context of a statutory scheme that is overlapping and sometimes confusing. The greater evil, however, would be to permit children such as those in this case to fall through the cracks. We must conclude that the juvenile court had jurisdiction in this case, and that it erred in declining to exercise jurisdiction.

The decision of the trial court is reversed, and the cause is remanded for further proceedings consistent with this Opinion. Costs are taxed to the Appellee, for which execution may issue, if necessary.


_____

_____HOLLY KIRBY LILLARD, J.

**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**ALAN E. HIGHERS, J.**

5